**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No.: 1:25-cv-02511-CNS-NRN

JOEL GRIMES, Individually and For Others Similarly Situated,

Plaintiff,

v.

WESTMORELAND MINING LLC, and WESTMORELAND SAVAGE MINING LLC,

Defendants.

---

**PLAINTIFF'S OPPOSED MOTION TO AMEND SCHEDULING ORDER**

---

Plaintiff Joel Grimes, individually and for others similarly situated ("Plaintiff"), moves under Federal Rules of Civil Procedure 16(b)(4) and 6(b)(1)(A) and D.C.COLO.LCivR 6.1 to amend the Scheduling Order (ECF No. 46), as amended by ECF No. 74, to extend the conditional-certification motion deadline by 91 days, from September 18, 2026, to December 18, 2026. The extension is needed so that Plaintiff can obtain necessary collective-wide information Defendant has withheld through discovery, despite Plaintiff's diligent efforts to obtain it. The requested date allows eighteen (18) days to review the record after the November 30 fact-discovery cutoff, without changing any other deadline.

**CERTIFICATE OF CONFERRAL**

Pursuant to D.C.COLO.LCivR 7.1(a), on September 18, 2026, Plaintiff's counsel Kevin E. Collins emailed Defendants' counsel requesting agreement to extend the

conditional-certification deadline to December 18, 2026, and provided a proposed joint motion and proposed order. Defendants' counsel Micah D. Dawson responded that Defendant would oppose the motion. Plaintiff therefore submits this Motion as opposed.

## I. FACTUAL AND PROCEDURAL BACKGROUND

1. On October 31, 2025, Defendant moved to dismiss for lack of subject-matter jurisdiction. ECF No. 19. On March 24, 2026, Defendant moved to stay discovery pending that motion. ECF No. 40. The Court denied the stay on March 31, 2026. ECF No. 45 at 1. The Scheduling Order entered that day set September 18, 2026, as the deadline for Plaintiff's motion for conditional certification. ECF No. 46 at 9.

2. Plaintiff served his first set of interrogatories, requests for production, and requests for admission on April 1, 2026. Those requests sought the information at the heart of the conditional-certification inquiry: the identities, job duties, and work locations of the putative collective members; the pre- and post-shift work they performed; the wages, bonuses, and shift differentials they were paid and how their regular rate was calculated; and Westmoreland's common timekeeping and payroll systems, rounding practices, Dayforce configuration, and pay-code definitions, information bearing on whether the Hourly Employees were subject to the same policies and practices.

3. On May 14, 2026, Westmoreland served responses that largely declined to provide this information, limiting its answers to the named Plaintiff and objecting that discovery concerning putative collective members was premature absent conditional certification. *See* Exhibit 1 at 2, 5–15, 23–26.

4. On June 12, 2026, Plaintiff served a detailed discovery-deficiency notice explaining that pre-certification discovery into the putative collective is proper and necessary to show that its members are similarly situated and requesting supplementation. *See* Exhibit 2 at 1–3; Exhibit 3 at 1 (acknowledging the June 12 letter).

5. The Parties conferred over the following months without full resolution. Westmoreland responded in a letter dated June 17, 2026, maintaining its objections. *See* Exhibit 3 at 1–3. On June 23, 2026, the Court denied Defendant's motion to dismiss and directed Defendant to file a written motion concerning its request to limit discovery. ECF No. 50 at 1. Plaintiff replied to the deficiency response on June 29, 2026, again explaining that the employer-status defense is a merits issue that does not excuse Westmoreland from producing collective-relevant discovery. *See* Exhibit 4 at 1–4. On July 7, 2026, Westmoreland moved to limit discovery to the threshold employer-status issue. ECF No. 53. On July 21, 2026, the Court granted Plaintiff leave to file the Second Amended Complaint and denied the discovery-limitation motion as moot. ECF No. 59 at 1. Westmoreland objected to the amendment order on August 4, 2026 (ECF No. 64), and moved to stay that order pending its objections on August 6, 2026 (ECF No. 67). Counsel's August 18 email then memorialized an August 4 conferral and reported defense counsel's preference to defer addressing Grimes discovery deficiencies while pending motions remained unresolved; it requested supplemental responses and documents, including applicable collective bargaining agreements and employee handbooks, and a concrete timetable in light of the then-upcoming August 19 and 20 depositions. *See* Exhibit 5 at 2–3.

6. On September 1, 2026, the Parties jointly moved to extend several case-management deadlines because of the recent addition of Westmoreland Savage Mining LLC, pending motion practice, and outstanding discovery issues. ECF No. 71 at 2–3. That motion expressly left the September 18 conditional-certification deadline unchanged. *Id.* at 3 ¶ 5. Plaintiff then anticipated that the discovery needed to prepare the certification motion could be sufficiently resolved within the existing schedule.

7. At the September 9, 2026, status conference, the Court granted the Parties' motion and extended the fact-discovery cutoff to November 30, 2026, affirmative expert disclosures to December 10, 2026, rebuttal expert disclosures to January 15, 2027, and the expert-discovery cutoff to February 26, 2027. ECF No. 74 at 1. The September 18 conditional-certification deadline was not modified.

8. On September 11, counsel followed up on the August 18 email and reported that no supplementation addressing the outstanding Grimes issues had been received, again requesting the proposed supplementation and timetable. *See* Exhibit 5 at 1. On September 13, counsel identified specific gaps in the Grimes production, including wage statements and schedules, timekeeping and payroll data, Dayforce and pay-code information, collective bargaining agreements and policies, and bonus and regular-rate materials. Counsel requested production or clarification by September 16. *See* Exhibit 6 at 1–5.

9. On September 16, defense counsel Enaita Chopra responded that Defendants would supplement pay-code definitions and any responsive, unproduced employee handbooks, codes of conduct, and collective bargaining agreements. Defense

counsel also reported that Grimes's wage statements and schedules, and bonus-related materials, remained under review to determine whether supplementation was warranted. Defendants maintained objections to other categories of missing information, including collective-wide data. *See* Exhibit 7 at 1–4.

10. Separately, on September 16, Plaintiff's counsel sought clarification whether Savage payroll files previously exchanged for mediation could be treated as responsive discovery, seeking to avoid duplicative production. On September 17, defense counsel Hillary Ross declined to agree, explaining that the files had been provided only for mediation and carried a Rule 408 designation. See Exhibit 8 at 1–2.

11. Plaintiff believes the missing information will inform the Parties and the Court as to the appropriateness of conditional certification. As shown above, Plaintiff has acted diligently to obtain this information from Defendant, without success. Plaintiff intends to seek resolution of the remaining disputes in the upcoming weeks through the Court's discovery-dispute procedures, including leave to move to compel if necessary. *See* ECF No. 45 at 2.

12. Two prior requests to extend deadlines in this action have been granted: the response-deadline extension granted November 19, 2025 (ECF No. 29), and the scheduling extension granted September 9, 2026 (ECF No. 74 at 1). Only the latter amended the Scheduling Order. Neither extended the conditional-certification deadline. This is Plaintiff's first request to extend that deadline.

## II. LEGAL STANDARD

13. Rule 16(b)(4) permits modification of a scheduling order only for good cause and with the judge's consent. The controlling inquiry is whether the deadline can reasonably be met despite the movant's diligent efforts. Information learned through discovery may establish good cause. *Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014). Consistently, this District focuses on diligence rather than merely the absence of bad faith or prejudice. *Pumpco, Inc. v. Schenker Int'l, Inc.*, 204 F.R.D. 667, 668–69 (D. Colo. 2001).

14. Rule 6(b)(1)(A) also authorizes an extension for good cause when the request is made before the existing deadline expires. Unlike a request first made after expiration under Rule 6(b)(1)(B), a timely request does not require excusable neglect. Courts in the Tenth Circuit instruct that Rule 6(b)(1) should be liberally construed to promote decisions on the merits and recognize the relevance of the absence of bad faith or prejudice to a timely extension request. *Rachel v. Troutt*, 820 F.3d 390, 394–95 (10th Cir. 2016). Plaintiff must also satisfy Rule 16's diligence requirement.

## III. GOOD CAUSE SUPPORTS THE REQUESTED EXTENSION

15. Plaintiff has diligently pursued the collective-wide discovery from the outset. Plaintiff served his first set of written discovery on April 1, 2026; served a detailed discovery-deficiency notice on June 12, 2026, when Westmoreland limited its responses to the named Plaintiff; and thereafter continued to press the issue. *See* Exhibits 1–4. Plaintiff's August 18 and September 11 follow-ups, detailed September 13 requests, and September 16 inquiry about the payroll files reflect that continued effort. *See* Exhibit 5 at

1–3; Exhibit 6 at 1–5; Exhibit 8 at 1–2. The September 1 joint motion likewise described timely written discovery and ongoing efforts to resolve outstanding issues. ECF No. 71 at 3 ¶ 6. Plaintiff sought this extension on September 18, promptly after the September 16–17 responses clarified what remained unresolved. *See Gorsuch*, 771 F.3d at 1240.

16. The discovery Plaintiff seeks includes the type of pre-certification discovery courts permit because it bears directly on whether the putative collective is similarly situated. *See Hammond v. Lowe's Home Ctrs., Inc.*, 216 F.R.D. 666, 671–73 (D. Kan. 2003); *Allen v. Mill-Tel, Inc.*, 283 F.R.D. 631, 635–37 (D. Kan. 2012) (permitting discovery of putative class members' identities and common compensation policies while limiting broader employee-specific discovery). In assessing requests to extend case-management deadlines, courts also consider prejudice, foreseeability, and the relevance of the additional discovery. *See Lehman Bros. Holdings Inc. v. Universal Am. Mortg. Co.*, LLC, 300 F.R.D. 678, 681–83 (D. Colo. 2014) (weighing six factors and permitting a limited deposition concerning newly asserted allegations); *Blair v. Transam Trucking, Inc.*, No. 09-2443-EFM-KGG, 2014 WL 5298171, at *2–3 (D. Kan. Oct. 15, 2014) (reopening limited discovery and extending the deadline to respond to certification motions).

17. Defendant's positions and motion practice have contributed to the delay in completing this discovery despite Plaintiff's continued efforts. Defendant moved to dismiss (ECF No. 19); moved to stay all discovery pending that motion (ECF No. 40), which the Court denied (ECF No. 45 at 1); moved to limit discovery to the threshold employer-status issue (ECF No. 53), which the Court denied as moot (ECF No. 59); objected to the Magistrate Judge's order granting leave to file the Second Amended

Complaint (ECF No. 64); and moved to stay that order pending its objections (ECF No. 67). Defendant has also maintained objections to collective-wide discovery on the ground that no collective has been certified. See Exhibit 1 at 2; Exhibit 3 at 2; Exhibit 7 at 2–4. This motion practice and the unresolved discovery objections explain why the requested collective-wide information remains outstanding despite Plaintiff's efforts. The September 16–17 responses clarified that supplementation remained unresolved and that Defendant would not agree to treat the mediation payroll files as discovery production, prompting this request after the September 1 motion had left the certification deadline unchanged. See Exhibits 7–8.

18. The requested December 18 deadline fits the schedule the Court has already approved. Fact discovery remains open through November 30. ECF No. 74 at 1. Allowing eighteen (18) days thereafter provides a defined period to organize, compare, and incorporate the resulting payroll and policy materials into the certification motion. It avoids piecemeal briefing while preserving the existing discovery and expert deadlines. Plaintiff seeks neither additional discovery time nor an order expanding the permissible scope of discovery.

19. The extension will not prejudice Defendants' ability to oppose certification. They retain their substantive objections and the applicable response period, and no other currently set date is moved. The absence of prejudice reinforces Plaintiff's showing of diligence. *See Pumpco*, 204 F.R.D. at 668; Rachel, 820 F.3d at 394–95. This Motion is made in good faith to permit an informed certification presentation, not for delay.

WHEREFORE, Plaintiff respectfully requests that the Court grant this opposed Motion and amend the Scheduling Order (ECF No. 46), as amended by ECF No. 74, solely to extend Plaintiff's conditional-certification motion deadline from September 18, 2026, to December 18, 2026. All other dates, deadlines, and provisions remain unchanged. A proposed order is submitted herewith.

Dated: September 18, 2026. Respectfully submitted,

**JOSEPHSON DUNLAP LLP**

By: *<u>/s/ Kevin E. Collins</u>*
Michael A. Josephson
Andrew W. Dunlap
Alyssa J. White
Kevin E. Collins
5847 San Felipe Street, Suite 2400
Houston, Texas 77057
Telephone: (713) 352-1100
Facsimile: (713) 352-3300
mjosephson@mybackwages.com
adunlap@mybackwages.com
awhite@mybackwages.com
kcollins@mybackwages.com

Richard J. (Rex) Burch
**BRUCKNER BURCH PLLC**
5847 San Felipe Street, Suite 2400
Houston, Texas 77057
Telephone: (713) 877-8788
Facsimile: (713) 877-8065
rburch@brucknerburch.com

*Attorneys for Plaintiff & the Hourly Employees*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 18, 2026, the foregoing Plaintiff's Opposed Motion to Amend Scheduling Order and its exhibits were filed and served on all counsel of record via the Court's CM/ECF system. Pursuant to D.C.COLO.LCivR 6.1(c), Plaintiff's counsel contemporaneously served a copy of the Motion and its exhibits on Plaintiff Joel Grimes.

By: */s/ Kevin E. Collins*
Kevin E. Collins