`IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Civil Action No. 1:25-cv-02511-CNS-NRN

JOEL GRIMES, Individually and for others similarly situated,

Plaintiff,

v.

WESTMORELAND MINING LLC,

Defendant.

---

**ORDER**

---

Before the Court are Defendant's Objections to Magistrate Judge's Order Granting Plaintiff's Motion for Leave to File Second Amended Collective Action Complaint. ECF No. 64. They're OVERRULED. In overruling these objections, the Court presumes familiarity with this case's factual and procedural background, as well as the legal standards governing the Court's analysis. *See, e.g.,* Fed. R. Civ. P. 72; *Allen v. Sybase*, 468 F.3d 642, 658 (10th Cir. 2006); Fed. R. Civ. P. 15; Fed. R. Civ. P. 16.

Defendant's objections are easily summarized: The magistrate judge erred in granting leave to amend because Plaintiffs did not satisfy Rule 16 and Rule 15. *See, e.g.,* ECF No. 64 at 4. These arguments fail to persuade.

*First*, as to Rule 16, good cause did exist when the magistrate judge granted Plaintiff's amendment motion. At the July 21, 2026, hearing, the magistrate judge

acknowledged Rule 16's applicability, *see* ECF No. 62 at 5, and concluded that amendment was proper, *id.* at 11, 13. Recall that the Court ruled on Defendant's motion to dismiss at the June 23, 2026, hearing, which was held after the May 1, 2026, deadline for Plaintiff to amend. *See* ECF No. 62 at 10 (explaining that amendment deadline passed during the "pendency of the motion to dismiss"). Courts have concluded that "good cause" existed under Rule 16 where rulings on dismissal motions came after a scheduling order's deadline to amend had passed. *See, e.g., United States v. One Fossilized Tyrannosaurus Bataar Skull*, No. 7:17–cv–00106–O, 2018 WL 6737968, at *2 (N.D. Tex. Apr. 20, 2018) (concluding "good cause" existed where the plaintiff "only attempted to amend after the scheduling order deadline because the [c]ourt granted [a] motion to dismiss after the deadline had passed"); *Carhartt, Inc. v. Innovative Textiles*, *Inc*., No. 17–cv–13604, 2018 WL 10320608, at *2 (E.D. Mich. July 27, 2018) ("Plaintiff had good cause for failing to meet the deadline for amended pleadings in the scheduling order because the Court did not rule on the motion to dismiss that complaint until after the scheduling order's deadline passed."). The Court finds their reasoning persuasive and concludes that the magistrate judge did not err in granting leave to amend. At bottom, the Court's dismissal ruling certainly constituted "new information" that Plaintiff acquired after the amendment deadline passed—and Plaintiff promptly moved to amend following the Court's ruling on the dismissal motion—underscoring the permissibility of amendment under Rule 16. *See Decoursey v. Sherwin-Williams Co*., No. 19–02198–DDC–GEB, 2020 WL 1812266, at *3 (D. Kan. Apr. 9, 2020) ("Rule 16's good cause requirement can be satisfied if a party shows, in good faith, it learned new information after the amendment deadline passed.");

ECF No. 68 at 8. Thus, and contrary to Defendant's argument in its objections, Plaintiff's motion for leave to amend is not the result of "inadvertence" or "negligence." ECF No. 64 at 5 (citation modified); *see also id.* at 6 (making similarly unpersuasive *it's all plaintiff's fault* arguments and citing distinguishable cases in support of them).

*Second*, the Court disagrees with Defendant that the magistrate judge erred in concluding amendment was proper in light of Rule 15. As the magistrate judge observed, Rule 15 demands amendment where justice so requires. *See* ECF No. 62 at 13 ("I think in the interest of justice, we're going to allow amendment."). The Court agrees with Plaintiff that, against this case's factual and procedural background, he has provided an adequate explanation for his delay—which will not prejudice Defendant—and the magistrate judge was correct in reaching the same conclusion. *See* ECF No. 68 at 8; *Emil v. LM Gen. Ins. Co.*, No. 1:22–cv–01489–CNS–JPO, 2024 WL 582658, at *1 (D. Colo. Feb. 13, 2024) (explaining that Rule 15 is intended to "provide the maximum opportunity for each claim to be decided on its merits" and that leave to amend should only be denied where a plaintiff engages in undue delay, bad faith, or has a "dilatory motive" (citation modified)); *McCormack v. Talty*, No. 20–cv–01970–CMA–NRN, 2022 WL 3644096, at *2 (D. Colo. Aug. 24, 2022) ("[C]ourts will generally deny leave to amend under Rule 15 *only* in cases of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." (citation modified)). In other words, Plaintiff did not engage in undue delay by filing his motion for leave to amend within one month of the Court's ruling on the dismissal motion—which certainly amounts to an adequate explanation for the delay.

*Compare* ECF No. 64 at 8, *with Hampton v. SnapCall Invs., Inc.*, No. 20–cv–0472–CVE–CDL, 2021 WL 839159, at *2 (N.D. Okla. Mar. 5, 2021) ("In this Circuit, denial of leave to amend is appropriate when the party filing the motion has *no* adequate explanation for the delay." (citation modified)); *and Farabaugh v. Isle, Inc.*, No. 1:20–cv–03644–CNS–STV, 2024 WL 1858500, at *8 (D. Colo. Apr. 29, 2024) (concluding amendment was improper where plaintiff "fail[ed] to . . . explain why he waited for *nine more months* to again move to amend" (emphasis added)).

* * *

For the reasons set forth above, the magistrate judge did not clearly err in reaching his conclusion that amendment is proper, nor is such conclusion contrary to law. *Cf.* Fed. R. Civ. P. 72; *Allen*, 468 F.3d at 658. Amendment under both Rule 16 and Rule 15 is proper. Defendant is wrong to argue otherwise.

Therefore, and consistent with the above analysis, Defendant's Objections, ECF No. 64, to the Magistrate Judge's Order are OVERRULED. The magistrate judge is AFFIRMED. Given the Court's ruling, it DENIES AS MOOT Defendant's Motion to Stay Second Amended Complaint Pending Ruling on Objections to Magistrate Judge's Order. ECF No. 67.

DATED this 20th day of October 2026.

BY THE COURT:



Charlotte N. Sweeney
United States District Judge